IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 07-00198-01-CR-W-NKL |
| ELMO M. BROWN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On February 21, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On September 12, 2007, a superseding indictment was returned charging defendant with one count of conspiracy to possess with intent to distribute and to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), one count of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of criminal forfeiture, pursuant to 21 U.S.C. § 853. Judge Laughrey referred this case to me for

conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea.  The hearing was held on February 21, 2008.  Defendant was present, represented by Patrick Peters.  The government was represented by Assistant United States Attorney Amy Marcus.  The proceedings were recorded and a transcript of the hearing was filed on February 22, 2008.

## II.   *AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United

2

States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

3

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

*III. FINDINGS OF FACT*

1. On September 12, 2007, a superseding indictment was returned charging defendant with one violation of 21 U.S.C. § 846 by conspiring to possess with intent to distribute and to distribute crack cocaine and powder cocaine, and with one violation of 21 U.S.C. § 853, a criminal forfeiture count (Tr. at 8-9).

2. The statutory penalty for count one, the conspiracy count, is not less than 20 years and not more than life in prison, not more than $8 million fine, not less than 10 years supervised release, and a $100 special assessment (Tr. at 9-12, 36-38).

4

3. Defendant was advised of the following:

   a.  That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 13);

   b.  That he has the right to assistance of counsel throughout the trial (Tr. at 13);

   c.  That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 14);

   d.  That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 14);

   e.  That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 15);

   f.  That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 14-15); and

   g.  That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 15-16).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at

16).

5.  Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 17). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 17). Defendant stated that he understood (Tr. at 17).

6.  Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 17-19).

7.  Government counsel stated that its evidence would show that on May 23, 2007, defendant and co-defendant Cornelius Robinson sold to an undercover detective 41.6 grams of crack cocaine in the Western District of Missouri. On May 31, 2007, the undercover agent was sold 41 grams of crack cocaine in the Western District of Missouri. On June 7, the undercover detective gave defendant the buy money and defendant went into a building and did not come out. The undercover agent tried calling defendant and defendant said, "It's done," and hung up the phone. The undercover left the area, and surveillance officers observed defendant come out of the building and get into a Cadillac which was followed. Defendant initially would not

6

pull over when officers attempted to make a stop, but he was finally stopped sometime later, taken into custody, and a .45 caliber handgun was recovered from underneath the front passenger's seat of the car (Tr. at 18).

8. Defendant was placed under oath (Tr. at 19) and admitted the following: He knew co-defendant Cornelius Brown between May 1, 2007, and June 8, 2007; he reached an informal agreement with Mr. Robinson that they would distribute or possess with intent to distribute crack cocaine; he and Mr. Robinson were present when Chris Coleman cooked powder cocaine into crack cocaine; he knew it was illegal; and he did it in order to make money (Tr. at 19-25).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 26-31). Although the plea agreement says defendant will forfeit the property described in count six, it is actually described in the forfeiture allegation (there is no count six in the superseding indictment) (Tr. at 26).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 31).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Peters (Tr. at 32). There is nothing he wanted Mr. Peters to do that Mr. Peters did not do, and there is nothing Mr. Peters has done that defendant did not want Mr.

7

Peters to do (Tr. at 32).

12. Defendant is 22 years of age (Tr. at 32). He went to school through the 10th grade (Tr. at 32). Defendant has no mental health or substance abuse issues (Tr. at 33).

13. Defendant tendered a plea of guilty to the crime charged in count one of the superseding indictment (Tr. at 35).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for conspiracy to distribute crack cocaine are: (1) there was an agreement to distribute crack cocaine, (2) defendant knew of the agreement; and (3) defendant knowingly participated in the conspiracy. United States v. Morreno, 373 F.3d 905, 911 (8th Cir. 2004); United States v. Francis, 367 F.3d 805, 819 (8th Cir. 2004).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in count one of the superseding indictment as well as the forfeiture provision.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in count one of the superseding indictment.

                                            /s/ Robert E. Larsen
                                            ROBERT E. LARSEN
                                            United States Magistrate Judge

Kansas City, Missouri
February 27, 2008